IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANTONIO PEARSON, :
:
    Plaintiff :
: CIVIL NO. 1:CV-13-1733
    vs. :
: (Judge Caldwell)
DAVID VARANO, *et al.*, :
:
    Defendants :

*M E M O R A N D U M*

I.    *Introduction*

       On June 24, 2013, the pro se plaintiff, Antonio Pearson, an inmate at the Coal Township State Correctional Institution (SCI-Coal Township), in Coal Township, Pennsylvania, filed this civil-rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that since December 25, 2010, he has been treated differently than other dietary workers because he works nine hours a day but is only paid for eight while others who work more than eight hours receive overtime pay. (Doc. 1, Complaint). He names eleven defendants who are employed by the Pennsylvania Department of Corrections (DOC). Approximately a month later, Pearson filed a supplemental complaint (Doc. 7). As the "supplemental complaint" is not complete in itself, and overlaps sections of the original complaint, for the sake of clarity the court will direct Pearson to file a single all-inclusive amended complaint.

II.    *Discussion*

    The filing of an amended complaint is governed by Fed. R. Civ. P. 15(a):

> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:

>> (A) 21 days after serving it, or
>>
>> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).

Based on the procedural history of this case, Pearson may file an amended complaint as a matter of right. Pearson is cautioned that his amended complaint must contain the same docket number as the instant action and should be labeled "Amended Complaint." In addition, the "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). In particular, Pearson is advised that the amended complaint will supersede the original complaint and supplemental complaint and must be "retyped or reprinted so that it will be complete in itself including exhibits." M.D. Pa. LR 15.1. Consequently, any cause of action alleged in the original or supplemental complaint which is not alleged in the amended complaint will be waived.

Pearson's amended complaint must be concise and direct. *See* Fed. R. Civ. P. 8(d). Each allegation must be set forth in individually numbered paragraphs in short, concise and simple statements. *Id.* The allegations should be specific as to time and place, and should identify the specific person or persons responsible for the deprivation of

his constitutional rights and what each individual did that led to the deprivation of his rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S.Ct. 1937, 1948, 173 L.Ed.2d 868 (2009). Plaintiff shall also specify the relief he seeks with regard to each claim and defendant. Failure to file a completely new amended complaint will result in this case proceeding on the claims set forth in the original complaint.

        An appropriate order follows.

        /s/ William W. Caldwell
        William W. Caldwell
        United States District Judge

Date: November 12, 2013