IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANTONIO PEARSON, :
:
    Plaintiff :
: CIVIL NO. 1:CV-13-1733
vs. :
: (Judge Caldwell)
DAVID VARANO, *et al.*, :
:
    Defendants :

*M E M O R A N D U M*

I.    *Introduction*

      The pro se plaintiff, Antonio Pearson, has filed a motion to compel defendants to produce his entire inmate jacket (DC-15), all counselor notes (DC-14), and all information contained in his Inmate Cumulative Adjustment Record (ICAR). (Doc. 57). Defendants have responded that the discovery sought is of questionable relevance, is overly broad, confidential and privileged for security reasons in a prison setting.

      For the reasons that follow the motion will be denied.

II.   *Standard of Review*

      Pursuant to Fed. R. Civ. P. 26(b)(1), a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). While generally liberal, permissible discovery is not without limitations; it "should not serve as a fishing expedition." *Provine v. Ambulatory Health Services, Inc.*, No. 13-CV-334, 2014 WL 47771, at *2 (M.D. Pa. Jan. 6, 2014). Relevant information sought in

discovery need not be admissible at trial, as long as it "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Relevance is generally "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Funds, Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978). Discovery of matters not 'reasonably calculated to lead to the discovery of admissible evidence" is not within the scope of Fed. R. Civ. P. 26(b)(1). (*Id.*)

Fed. R. Civ. P. 34 requires that a request "describe with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1)(A). The responding party "must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." *Id.*; *see also Momah v. Albert Einstein Medical Cntr.*, 164 F.R.D. 412, 417 (E.D. Pa. 1996). "[T]he mere statement by a party that the interrogatory [or document request] was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection to" a discovery request. *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982). A party attempting to withhold the release of relevant material on the grounds of privilege must also "describe the nature of the documents, communications, or other tangible things not produced or disclosed in a manner that will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(ii).

Under Fed. R. Civ. P. 37, a party may move to compel discovery when existing disclosures have been insufficient. Fed. R. Civ. P. 37(a)(3). The party moving to compel discovery bears the initial burden of proving the relevance of the requested information. *Morrison v. Philadelphia Housing Auth.*, 203 F.R.D. 195, 196 (E.D. Pa. 2001).

The objecting party must then demonstrate in specific terms why a particular discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper. *Goodman v. Wagner*, 553 F. Supp. 255, 258 (E.D. Pa. 1982). A party "seeking the protection of sensitive-but relevant-information" may argue the information sought is protected by an evidentiary privilege pursuant to Fed. R. Civ. P. 26(b)(1), or petition the court for a protective order pursuant to Fed. R. Civ. P. 26(c) to protect its disclosure. *Pearson v. Miller*, 211 F.3d 57, 65 (3d Cir. 2000). "The burden of showing that a particular document is privileged or protected rests with the party asserting the privilege." *Caver v. City of Trenton*, 192 F.R.D. 154, 159 (D.N.J. 2000).

It is well established that the scope and conduct of discovery are within the sound discretion of the trial court. *In re Cendant Corp. Sec. Litig.*, 343 F.3d 658, 661-62 (3d Cir. 2003). "Rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the Court's discretion and judgment." *McConnell v. Canadian Pacific Realty Co.*, 280 F.R.D. 188, 192 (M.D. Pa. 2011). A court's decision regarding the conduct of discovery will be disturbed only upon a showing of an abuse of discretion. *Ohntrup v. Makina Ve Kimya Endustrisi Kurumu*, 760 F.3d 290, 296 (3d Cir. 2014).

III.    *Relevant Statement of Facts*

Plaintiff Antonio Pearson, a state inmate formerly housed at the Coal Township State Correctional Institution in Frackville, Pennsylvania,[1] filed this civil-rights action asserting a "class of one" equal protection claim based on his belief that he was

---

[1] Plaintiff is presently housed at SCI-Greene in Waynesburg, Pennsylvania.

intentionally treated differently by prison officials from other similarly situated dietary workers without a rational basis for such treatment. (Doc. 1, Compl.) Pearson alleges he was not paid in the same manner as other dietary workers. Specifically, others were given overtime wages or paid more for working the same hours, or less, than he did. (*Id.*)

IV.   *Discussion*

Pearson does not identify a particular request for production of documents to which he seeks a response. (Doc. 64, Br. in Supp. Mot. to Compel). Instead he generally asserts that he has requested, and been denied, access to his "DC-14 CAR," "DC-15 IRS," and "ICAR". (*Id.*, ECF pp. 1-2). Accordingly, the court will only examine Pearson's first request for production of documents as it discusses the release of his DC-14, DC-15 and ICAR notes. His first request seeks the opportunity to:

> review his institutional file(s), including but not limited to (DC-14 CAR and DC-15 IRS) for any and all documents that the plaintiff needs and be allowed to copy any documents that the plaintiff wants.

Doc. 62-1, ECF p. 1. Defendants objected to this request as overly broad and claim the release of Pearson's entire DC-14, DC-15 and ICAR notes would threaten the orderly operation of the prison as well as the security of the inmates, staff members and the public. (*Id.*) In responding to Pearson's request, the defendants asked him to specifically identify the "information that he needs that is relevant to his claim in this case, and the Defendants will consider his request." (*Id.*) Pearson does not say he narrowed his discovery request as suggested by Defendants. In his motion to compel, Pearson argues that the

-4-

Department of Corrections' (DOC) policy statement DC-ADM 003, *Release of Information*,[2] and procedures manual 11.5.1, *Records Office Operations*,[3] permit inmates to obtain copies of portions of the requested files. (*Id.*)

The court has reviewed DC-ADM 003 policy and the portions of the procedures manual provided by Pearson. We do not find any suggestion that either document permits the wholesale release of his DC-14, DC-15 or ICAR notes. We also find his request to be overly broad. With respect to the DC-15, it is clear that Pearson has detailed knowledge of what type of information may be contained in that file based on the portions of the procedures manual as it lists the multitude of categories of documents to be maintained in the DC-15. While Pearson could readily narrow his request based on this information, as suggested by defendants, he has not done so. Additionally, while he suggests in his motion that he should be allowed access to "parts of this file that are not confidential and are allowed pursuant to DOC policy 003 and 11.5.1 procedures manual" (*Id.*, ECF p. 1), he makes no effort to identify what portions of his DC-15, DC-14, or ICAR notes fall within this category. As noted before, the court's review of the policy and procedures manual does not suggest that they specifically address the disclosure of the DC-15, DC-14, or ICAR to inmates. Finally, it is noted that his request for these files is not limited to any specific time frame but seek the files in their entirety since his initial incarceration until present day.

---

[2] Pearson has provided the court with a copy of DC-ADM 003. *See* Doc. 64-1, ECF pp. 6 - 13.

[3] Pearson has provided the court with a copy of portions of the 11.5.1 procedures manual. *See* Doc. 64-1, ECF pp. 15 - 26.

Under these circumstances, Pearson's motion to compel the release of his entire DC-14, DC-15 and ICAR file will be denied.  Pearson fails to show the relevancy of his entire DC-14, DC-15 or ICAR file to his equal protection claim.  Such a broad discovery request is a "fishing expedition" which the court will not permit.[4]  Therefore, without deciding the merits of the defendants' other objections, the court will deny Pearson's motion to compel the production of these files.

An appropriate order follows.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date:  November 18, 2015

---

[4] To the extent Pearson seeks "responses to request slips and other documents," that may be in one of these files, he does not suggest that defendants' responses to his other document requests, which were worded more specifically and sought exactly that type of information, were improper.  *See* Doc. 62-1, Request (x), (xi) and (xiii).

-6-